UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE JUAREZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CARMEN BUTTS, et al.,<br><br>　　　　　Defendants. | No. 2:15-cv-1996 JAM AC P (TEMP)<br><br>ORDER |

　　　　Plaintiff is a state prisoner proceeding pro se with an action filed pursuant to 42 U.S.C. § 1983, along with an application to proceed in forma pauperis under 28 U.S.C. § 1915.

　　　　Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

////

1

I. Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. Hal

1   Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990).

2       II.  Plaintiff's Claims

3       The complaint alleges that Dr. Carmen Butts, a physician at the California Health Care Facility, discontinued plaintiff's prescription for morphine "without due process." (Complaint (ECF No. 1) at 3.  It also alleges that defendant Rackley, the warden at the prison health care facility, violated due process by "his failure to correct this problem on administrative appeal" and "in the course of his supervisory responsibilities[.]"  (Id. at 4.)  The complaint also suggests that a Dr. Hlaing violated plaintiff's right to be free from cruel and unusual punishment by failing to prescribe appropriate medication.

    A.  Claims Against the Warden

    First, with respect to Warden Rackley's alleged liability for not providing plaintiff with any relief in his administrative appeal, "inmates lack a separate constitutional entitlement to a specific grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003).  "Therefore, plaintiff cannot state a cognizable civil rights claim against defendants ... based solely on their roles in denying a prison grievance." Johnson v. Hill, No. 2:10-cv-2522 KJN P, 2010 WL 4386722 at *2 (E.D.Cal. October 28, 2010).  Furthermore, it is well established that a state actor in a supervisory position cannot be held individually liable in a civil rights action for the constitutional violations of a subordinate.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). To state a claim against a supervisor, a plaintiff must aver some causal connection between the supervisor's conduct and the violation.  See Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir.1991).  Here, the complaint avers no connection between the warden's conduct and the medical care the plaintiff received, nor could any be reasonably inferred.  The complaint thus contains no plausible basis for any civil rights claim against the warden.

    B.  Claims Based on Medical Care

    The complaint alleges that Dr. Butts' decision to discontinue plaintiff's prescription for morphine violated his right to due process under the Fourteenth Amendment because it was contrary to the California Department of Corrections and Rehabilitation's "established state-wide policy[.]" (Complaint at 3, 7.)  A state's correctional regulation creates a liberty interest protected

3

1 by the requirements of due process only when enforcement of that regulation "imposes atypical
2 and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin
3 v. O'Connor, 515 U.S. 472, 483-84 (1995). State policies that guide physicians in their treatment
4 of inmates do not give rise to any such liberty interest.

5      Instead, when a prisoner claims he suffered inadequate medical care while incarcerated,
6 he invokes the Eighth Amendment's protection against cruel and unusual punishment. Whitley v.
7 Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v.
8 Gamble, 429 U.S. 97, 105-06 (1976). Although this plaintiff has chosen to frame his allegations
9 of inadequate medical care against Dr. Butts as a claim for violation of due process, and although
10 he can pursue no viable cause of action under the Fourteenth Amendment based on those
11 allegations, the court will construe plaintiff's claim under the applicable standards of the Eighth
12 Amendment.

13               1. Eighth Amendment Standards

14      As a general matter, a prisoner who alleges a violation of the Eighth Amendment must
15 allege and prove that he suffered a sufficiently serious deprivation (the objective prong of the
16 claim) and that officials acted with deliberate indifference in allowing or causing the deprivation
17 to occur (the subjective prong of the claim). Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). Thus
18 when a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner
19 must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference
20 to serious medical needs." Estelle, 429 U.S. at 106. A viable Eighth Amendment medical claim,
21 then, states two elements: "the seriousness of the prisoner's medical need and the nature of the
22 defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991),
23 overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en
24 banc).

25      A medical need is serious "if the failure to treat the prisoner's condition could result in
26 further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974
27 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include
28 "the presence of a medical condition that significantly affects an individual's daily activities." Id.

at 1059-60.  By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to it with deliberate indifference.  Farmer, 511 U.S. at 834.  In general, a prisoner may show deliberate indifference with evidence that officials denied, delayed, or intentionally interfered with medical treatment, or he may show it by the way in which prison officials actively provided medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).  Before it can be said that a prisoner's civil rights were violated by inadequate medical care, however, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  See also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same).  Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'"  Farmer, 511 U.S. at 835 (quoting Whitley, 475 U.S. at 319). Mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a civil rights claim.  Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

### 2. Sufficiency of the Allegations Against the Physician-Defendants

The complaint contains only one of the two necessary elements of a claim against Dr. Butts for deliberate indifference to a serious medical need.  Specifically, the complaint's allegation that plaintiff suffered morphine withdrawals severe enough to put him in San Joaquin General Hospital could, if true, state a serious medical need – i.e., the "objective prong" of an Eighth Amendment medical claim.  (Complaint at 3.)  However, the complaint does not in any

way describe Dr. Butts' state of mind – i.e., the "subjective prong" of an Eighth Amendment medical claim – nor is there any factual material from which the court could reasonably infer that element.  The allegations against Dr. Butts are not, therefore, sufficient for plaintiff to proceed with them beyond the screening stage.  However, as explained below, plaintiff will be provided another opportunity to plead his claim with the requisite specificity.

As for the allegations against Dr. Hlaing, plaintiff expressly invokes the Eighth Amendment but fails to state facts that establish a violation of that constitutional provision.  The complaint is too vague to infer anything other than plaintiff's belief that Dr. Hlaing did not prescribe adequate medication.  (See Complaint at 4.)  Thus the pleading falls short on both elements of the claim against Dr. Hlaing: it does not describe the serious medical condition that plaintiff supposedly presented to Dr. Hlaing, nor is there any statement from which the court could divine the doctor's state of mind in denying medication.  According to a two-page document submitted among the 194 pages of exhibits attached to the complaint, Dr. Hlaing examined plaintiff in the course of a medical appeal,[1] but that document does not shed any light on what plaintiff means to aver against Dr. Hlaing, nor can the doctor's participation in the appeals process be the basis of liability.  See Johnson v. Hill, supra.

III.  Conclusion

The court finds that the complaint does not pass the screening test set by 28 U.S.C. § 1915A as to any claim against any defendant.  Therefore the complaint will be dismissed.  However, the court will grant plaintiff leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions or conduct of which he complains have resulted in a deprivation of his constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  That is, the amended complaint must provide the court with factual allegations that meet each and every element of the claim(s) he means to allege.  Also, the amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link

---

[1] It appears that Dr. Hlaing issued plaintiff a knee brace following the exam. (See Complaint at 45-46),

6

1  or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423

2  U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d

3  740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights

4  violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

5      Furthermore, plaintiff is informed that the court cannot refer to a prior pleading in order to

6  make plaintiff's amended complaint complete. Local Rule 220 requires that an amended

7  complaint be complete in itself without reference to any prior pleading. This is because, as a

8  general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375

9  F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no

10 longer serves any function in the case. Therefore, in an amended complaint, as in an original

11 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

12     Finally, plaintiff is informed that if he does not file an amended complaint or otherwise

13 respond to this order, the court will recommend that this case be dismissed for failure to

14 prosecute, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 110.

15     In accordance with the above, IT IS HEREBY ORDERED that:

16     1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

17     2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee

18 shall be collected and paid in accordance with this court's order to the Director of the California

19 Department of Corrections and Rehabilitation filed concurrently herewith.

20     3. Plaintiff's complaint is dismissed.

21     4. Plaintiff is granted thirty days from the date of service of this order to file an amended

22 complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

23 Procedure, and the Local Rules of Practice. The amended complaint must bear the docket

24 number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an

25 original and two copies of the amended complaint. Failure to file an amended complaint or

26 ////

27 ////

28 ////

7

1 | otherwise respond to this order will result in a recommendation that this action be dismissed for
2 | failure to prosecute.
3 | DATED: December 18, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE