UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE JUAREZ,<br><br>        Plaintiff,<br><br>   v.<br><br>CARMEN BUTTS, et al.,<br><br>        Defendants. | No. 2:15-cv-1996 JAM DB P<br><br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff contends defendants failed to provide him adequate pain medication, as a result of which he suffered a stroke. On December 18, 2015, plaintiff's original complaint was dismissed with leave to amend. (ECF No. 8.) Plaintiff was advised of the requirements for stating an Eighth Amendment claim against each defendant.

Pending before the court is the mandatory screening of plaintiff's first amended complaint and plaintiff's motion for an injunction seeking adequate pain medication. For the reasons set out below, the court orders plaintiff's complaint dismissed without prejudice and recommends denial of plaintiff's motion for an injunction.

**BACKGROUND**

On September 21, 2015, plaintiff filed his original complaint. (ECF No. 1.) Therein, plaintiff alleged that defendant Dr. Butts discontinued plaintiff's prescription for morphine

1

without "due process;" that defendant Warden Rackley violated plaintiff's due process rights by failing to correct this problem on administrative appeal; and that defendant Dr. Hlaing violated plaintiff's Eighth Amendment rights by failing to prescribe appropriate medication for plaintiff's pain. Upon screening, the court found plaintiff failed to allege a constitutional violation by any defendant. (Dec. 18, 2015 Order (ECF No. 8).) Construing plaintiff's claims as being brought under the Eighth Amendment, the court found plaintiff failed to allege defendant Butts was deliberately indifferent, failed to make a connection between the conduct of defendant Rackley and plaintiff's medical care, and failed to allege that defendant Hlaing was deliberately indifferent to a serious medical need. (Id. at 3, 5-6.)

On February 19, 2016, plaintiff filed his first amended complaint ("FAC"). (ECF No. 14.) On June 24, 2016, plaintiff filed a motion for injunctive relief in which he seeks adequate pain medication. (ECF No. 17.)

**SCREENING FIRST AMENDED COMPLAINT**

**I.     Legal Standards**

**A. Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. Civil Rights Act Pursuant to 42 U.S.C. § 1983**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the

3

involvement of official personnel in civil rights violations are not sufficient. See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

**C. Eighth Amendment Standards**

As a general matter, a prisoner who claims a violation of the Eighth Amendment must allege and prove that he suffered a sufficiently serious deprivation (the objective prong of the claim) and that officials acted with deliberate indifference in allowing or causing the deprivation to occur (the subjective prong of the claim). <u>Wilson v. Seiter</u>, 501 U.S. 294, 298-99 (1991). Thus when a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976). A viable Eighth Amendment medical claim, then, states two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1991), <u>overruled on other grounds by</u> <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" <u>McGuckin</u>, 974 F.2d at 1059 (quoting <u>Estelle</u>, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." <u>Id.</u> at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to it with deliberate indifference. <u>Farmer</u>, 511 U.S. at 834. In general, a prisoner may show deliberate indifference with evidence that officials denied, delayed, or intentionally interfered with medical treatment, or he may show it by the way in which prison officials actively provided medical care. <u>Hutchinson v. United States</u>, 838 F.2d 390, 393-94 (9th Cir. 1988). Before it can be said that a prisoner's civil rights were violated by inadequate medical care, however, "the indifference to his medical needs must be substantial. Mere 'indifference,'

4

'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). See also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835 (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)).

Mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a civil rights claim. Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

**II.    Discussion**

**A. Allegations in the First Amended Complaint**

Plaintiff makes the following allegations. On January 28, 2014, while plaintiff was incarcerated at the California Substance Abuse Treatment Facility at Corcoran ("CSATF"), Dr. Shoewalter prescribed plaintiff 30 mg. of morphine twice a day for pain. At some point thereafter, plaintiff was transferred to the California Health Care Facility ("CHCF") in Stockton. On May 3, 2014, defendant Dr. Butts cancelled the morphine prescription. As a result of the pain, high blood pressure, and withdrawal that plaintiff suffered from the lack of morphine, on May 12, 2014, he had a stroke and must use a wheelchair. (FAC (ECF No. 14) at 2, 7-8.)

Plaintiff alleges defendants failed to provide him adequate pain medication. (Id. at 7.) He also alleges that there has been a "failure to treat" his "serious medical need," which has caused further injury, including "extreme chronic lower back, right ankle problem, and left []arm condition, and very pain severe." (Id. at 8.) He states defendants have acted "intentionally" and "with knowle[d]ge of plaintiff's suffering." (Id. at 9.)

////

5

1       Plaintiff alleges defendant Rackley was the director of the California Department of
Corrections and Rehabilitation at this time and therefore was responsible for all inmates' medical
care. (Id. at 2-3.) He further alleges Does 1 through 5, who are any successors of Rackley, are
similarly liable. (Id. at 5-6.) He alleges defendants Butts, Hlaing,[1] and Does 6 through 20 were
responsible for assuring that medical staff provided inmates with proper medical care and that
defendant Butts, Hlaing, and Does 6 through 20 had authority to order and approve medical tests
and treatments. (Id. at 3-4, 6.)

### B. Does Plaintiff Allege Cognizable Claims?

      Plaintiff's FAC suffers many of the same problems as his original complaint. Plaintiff makes only vague allegations regarding defendants Rackley and Hlaing. As plaintiff was informed previously, supervisors are not liable under section 1983 for the conduct of their employees. General allegations that those supervisors had authority over medical personnel or had the ultimate authority for medical care at the prison do not state a claim. Plaintiff must explain specifically what each of these defendants did, or did not do, that caused him harm. Each defendant's conduct must show that he was deliberately indifferent to plaintiff's medical needs. Then, plaintiff must explain just what sort of harm he suffered as a result of each defendant's conduct.

      It is not clear from plaintiff's complaint whether he is asserting any other claims against defendant Hlaing. Plaintiff's general allegations that "defendants" failed to prescribe adequate pain medication is insufficient to state a claim against defendant Hlaing. As he did with his original complaint, plaintiff attaches a copy of a health care appeal for which defendant Hlaing interviewed him and partly granted his requests for medical appliances. (See ECF No. 14 at 18-19.) Because that appeal does not address the question of plaintiff's pain medication, and because it appears plaintiff received most of the appliances that he was seeking in that appeal, it does not appear to be a subject of his FAC.

---

[1] Plaintiff makes references to "Defendant Min. MD," "Laing Min M.D.," and "Defendant Hlaing." (FAC at 2-4.) It appears that all of these references are to one person, Dr. Hlaing, who denied one of plaintiff's medical appeals. (See ECF No. 14 at 18-19.)

With respect to defendant Butts, plaintiff again states only that her conduct resulted in harm to him. Plaintiff does not, however, show what defendant Butts did that would provide a basis for finding Butts was deliberately indifferent to plaintiff's medical needs. The fact that plaintiff suffered a stroke does not, in and of itself, mean that defendant Butts was deliberately indifferent to his serious medical needs when she discontinued his morphine. Plaintiff must be more specific about what occurred with Dr. Butts and why he feels it shows she knew of, and failed to address, his serious medical needs.

The court thus finds that plaintiff has failed to state cognizable claims against any of the defendants. Plaintiff will be given one more opportunity to amend his complaint. As plaintiff has been informed previously, if he chooses to amend the complaint, plaintiff must demonstrate how the conditions or conduct of which he complains have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

That is, the amended complaint must provide the court with factual allegations that meet each and every element of the claim(s) he means to allege. Also, the amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Furthermore, plaintiff is reminded that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////

Finally, plaintiff is informed that if he does not file an amended complaint or otherwise respond to this order, the court will recommend that this case be dismissed for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 110.

**MOTION FOR INJUNCTION**

Plaintiff seeks an injunction to force defendants Butts and Hlaing to provide him adequate pain medication. (ECF No. 17 at 2.) He states that defendant Hlaing stopped his pain medication in May 2016. (Id. at 5.)

A party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

Plaintiff may not seek preliminary injunctive relief until the court finds that his complaint presents cognizable claims. See Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; [however] it may not attempt to determine the rights of persons not before the court."). As explained above, plaintiff's complaint will be dismissed with leave granted to file an amended complaint. Thus, plaintiff has not demonstrated that he is likely to prevail on the merits of his claims. Moreover, the court has not authorized service of the complaint upon any of the named defendants. Accordingly, plaintiff's motion for a preliminary injunction should be denied as premature.

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's first amended complaint (ECF No. 14) is dismissed;
2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Second

Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint or otherwise respond to this order will result in a recommendation that this action be dismissed for failure to prosecute.

Further, IT IS HEREBY RECOMMENDED that plaintiff's motion for an injunction (ECF No. 17) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 16, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/juar1996.scrn