UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE JUAREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>CARMEN BUTTS, et al.,<br><br>    Defendants. | No. 2:15-cv-1996 JAM DB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. Plaintiff alleges the discontinuation of his pain medication caused him to have a stroke. Before the court is plaintiff's request for the appointment of counsel. (ECF No. 26.) Plaintiff contends he requires the appointment of counsel because he is unable to afford counsel, the issues in this case are complex, plaintiff has extremely limited access to the law library, and plaintiff been unsuccessful in finding an attorney to represent him.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that plaintiff's March 21, 2017 request for the appointment of counsel (ECF No. 26) is denied.

Dated: March 24, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/ juar1996.31(2)