UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE JUAREZ,<br><br>    Plaintiff,<br><br>v.<br><br>M. HLAING,<br><br>    Defendant. | No. 2:15-cv-1996 JAM DB P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel as he is unable to afford counsel and an attorney would make the presentation of his case more effective. (ECF No. 48.) Plaintiff also requests an extension of time to file his opposition to defendant's motion to dismiss. (ECF No. 47.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances

common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

The court finds good cause for plaintiff's motion for an extension of time. However, plaintiff is warned that any further requests for additional time must be supported by a showing of extraordinary circumstances.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 48) is denied;

2. Plaintiff's motion for an extension of time (ECF No. 47) is granted; and

3. Plaintiff is granted thirty days from the date of this order in which to file a response to defendant's motion to dismiss. Defendant's reply, if any, shall be filed within seven days thereafter.

Dated: December 3, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/orders/prisoner-civil rights/juar1996.31+36