1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOSE JUAREZ,                          No.  2:15-cv-1996 JAM DB P

12                    Plaintiff,

13        v.                               ORDER AND FINDINGS AND
                                           RECOMMENDATIONS
14   M. HLAING,

15                    Defendant.

16

17        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights

18   action pursuant to 42 U.S.C. § 1983.  Plaintiff alleges defendant was deliberately indifferent to his

19   serious medical needs by denying him adequate pain medications.  Before the court are

20   defendant's motion to dismiss, plaintiff's motion to amend his complaint, plaintiff's motions for a

21   preliminary injunction, plaintiff's motion for an extension of time to file a sur-reply, defendant's

22   motion to strike the sur-reply, plaintiff's motion for "Abstraction of Justice," and plaintiff's

23   "motion" explaining the filing of the sur-reply.  For the reasons set forth below, the court

24   recommends defendant's motion to dismiss be granted in part and denied in part, grants

25   defendant's motion to strike the sur-reply, and denies plaintiff's motions but permits plaintiff

26   leave to renew his motion to amend his complaint.

27   ////

28   ////

                                           1

**BACKGROUND**

This case is proceeding on the Eighth Amendment claim in plaintiff's second amended complaint ("SAC") against defendant Hlaing, the only remaining defendant in this action. (See June 20, 2017 Order (ECF No. 32).) Plaintiff contends defendant Hlaing reviewed his appeals challenging doctors' failure to provide him adequate pain medication and failed to take action to provide him adequate medication. (See SAC (ECF No. 25).)

On October 2, 2017, defendant filed the pending motion to dismiss. (ECF No. 41.) Defendant alleges plaintiff's claims are barred because they have already been determined adversely to him by the state courts and that plaintiff's request for injunctive relief should be dismissed. Plaintiff filed an opposition to the motion (ECF No. 52); defendant filed a reply (ECF No. 53); and plaintiff filed a sur-reply (ECF No. 58). Defendant moved to strike the sur-reply as unauthorized. (ECF No. 59.)

In addition, plaintiff filed several motions in the last few months. First, on December 21, 2017, plaintiff filed a motion to amend his complaint to add three additional defendants. (ECF No. 51.) Second, in January 2018, plaintiff filed motions for a preliminary injunction in which he seeks "adequate pain medication." (ECF Nos. 54, 56.) Third, on January 31, 2018, plaintiff filed a motion for an extension of time to file a sur-reply. (ECF No. 57.) Fourth, on February 15, 2018, plaintiff filed a "Motion for Abstraction of Justice." (ECF No. 60.) Finally, on March 5, 2018, plaintiff filed a "motion" to clarify his sur-reply. (ECF No. 61.)

**MOTION TO DISMISS**

Defendant argues that prior state court rulings on plaintiff's claims bar his claim here under the doctrine of res judicata. In addition, defendant contends plaintiff's request for injunctive relief is subject to dismissal as overbroad.

### I. Legal Standards

#### A. Standard of Review on Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for motions to dismiss for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> The court must accept as true the allegations of the complaint, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), and construe the pleading in the light most favorable to plaintiff, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969). A pro se complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action, supported by mere conclusory statements." <u>Iqbal</u>, 556 U.S. at 678.

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (per curium).

The court must give a pro se litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting <u>Doe v. United States</u>, 58 F.3d 494, 497 (9th Cir. 1995)). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. <u>Ivey v. Bd. Of Regents of Univ. of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982). In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may 'generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.'" <u>Outdoor Media Grp., Inc. v. City of Beaumont</u>, 506 F.3d 895, 899 (9th Cir. 2007) (citing <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 763 (9th Cir. 2007)).

**B.  Res Judicata Principles**

The doctrine of res judicata, or claim preclusion, "bars repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." <u>United States v. Tohono O'Odham Nation</u>, 563 U.S. 307, 315 (2011) (citation and internal

3

quotation marks omitted).  The date of the initial judgment controls the application of res judicata.  Guild Wineries & Distilleries v. Whitehall Co., 853 F.2d 755, 761 (9th Cir. 1988).

Under the Full Faith and Credit Statute, 28 U.S.C. § 1738, a federal court must accord a state court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered.  See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984) (state court final judgments are entitled to claim preclusion in federal Section 1983 actions); accord, Allen v. McCurry, 449 U.S. 90, 103-04 (1980) (state court final judgments are entitled to issue preclusion in federal § 1983 actions); Clark v. Yosemite Comm. College Dist., 785 F.2d 781, 788 n.9 (9th Cir. 1986) (collecting cases).  In Furnace v. Giurbino, 838 F.3d 1019 (9th Cir. 2016), the Ninth Circuit held that a petition for writ of habeas corpus filed in California state court can have a claim preclusive effect on a subsequent § 1983 action if the second suit involves: (1) the same cause of action (2) between the same parties or parties in privity with them (3) after a final judgment on the merits in the first suit.  Furnace, 838 F.3d at 1023.

The contours of a "cause of action" under California law are determined by application of the "primary rights doctrine."  Under this doctrine a "cause of action" is defined as: "(1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty."  Brodheim v. Cry, 584 F.3d 1262, 1268 (9th Cir. 2009) (citations and internal quotation marks omitted).  "Under California law, the claim arises from the harm suffered, as opposed to the particular theory of the litigant.  Even when multiple legal theories for recovery exist, one injury gives rise to only one claim for relief."  Eichman v. Fotomat Corp., 759 F.2d 1434, 1438 (9th Cir. 1985) (citing Slater v. Blackwood, 15 Cal. 3d 791, 794-95 (1975)).

In the related doctrine of collateral estoppel (also known as issue preclusion), "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case."  Allen, 449 U.S. at 94.  "A prior judgment operates as a bar against a second action upon the same cause, but in a later action upon a different claim or cause of action, it operates as an estoppel or

4

conclusive adjudication as to such issues in the second action as were actually litigated and determined in the first action." Taylor v. Hawkinson, 47 Cal. 2d 893, 895-96 (1957) (quoting Sutphin v. Speik, 15 Cal. 2d 195, 202 (1940)) (further internal citation and quotation marks omitted).

## II.  Analysis

### A.  Res Judicata

#### 1.  State Habeas Proceedings

In October 2014, plaintiff filed a petition for a writ of habeas corpus with the San Joaquin County Superior Court.  (Ex. A to Def.'s Mot. to Dismiss ("MTD") (ECF No. 41-3).[1])  Plaintiff alleged that the prison's failure to provide appropriate pain management violated his Eighth and Fourteenth Amendment rights.  In an order filed December 15, 2014, the superior court denied plaintiff's petition, apparently on two grounds.  (Ex. A2 to MTD (ECF No. 41-4).)  First, the court addressed the merits of plaintiff's claim:

> Petitioner contends that his constitutional rights of due process and equal protection are being violated because his treating physician changed his treatment for pain management by changing his pain medication from morphine to Tylenol with Codeine.
>
> "By focusing on cases relating to medical treatment," appellant finds authority for the proposition that the court need only decide whether a patient is receiving carefully chosen therapy which respectable professional opinion regards as within the range of appropriate treatment alternatives, not whether the patient is receiving the best of all possible treatment in the best of all possible hospitals.

(Id. at 1-2 (quoting In re Coca, 85 Cal. App. 3d 493, 501 (1978) (internal citations omitted).)  The court concluded that "[p]etitioner is receiving medical treatment from a licensed physician who

////

---

[1] Defendant requests the court take judicial notice of filings from plaintiff's state court habeas proceedings.  (See ECF No. 41-2.)  Plaintiff does not object.  The court grant's defendant's request and takes judicial notice of these state court documents.  See Fed. R. Evid. 201(b), (d); see also MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (court may take judicial notice of "matters of public record" pursuant to Federal Rule of Evidence 201 without converting a motion to dismiss into a motion for summary judgment); Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001).

has the knowledge and training to make a determination as to the manner of treatment for Petitioner, even though Petitioner may not agree to manner of treatment." (Id. at 2.) In an apparently alternate ruling, the superior court stated that if no prima facie claim for relief is stated, the court will summarily deny the petition. (Id.)

Plaintiff then filed similar petitions with the California Court of Appeal (Exs. B and C to MTD (ECF No. 41-5, 41-7)) and the California Supreme Court (Ex. D to MTD (ECF No. 41-9)). Each petition was summarily denied. (Exs. B2, C2, and D2 to MTD (ECF Nos. 41-6, 41-8, and 41-10).)

On November 7, 2016, plaintiff again filed a habeas petition in the San Joaquin Superior Court in which he again claimed that his pain was not being appropriately addressed. (Ex. E to MTD (ECF No. 41-11).) In an order filed December 19, 2016, the superior court construed plaintiff's claim as a "contention that his constitutional rights are being violated because his treating physician changed his medication." The court denied this claim on the grounds that it was identical to the claim made in the 2014 petition and was therefore successive and repetitive. (Ex. E2 to MTD (ECF No. 41-12).) The court also reiterated the language it had used previously – that the court summarily denies petitions where the allegations are too conclusory to constitute a prima facie showing for habeas corpus relief. (Id.)

### 2. Were Plaintiff's Claims against Defendant Hlaing Resolved Previously?

While plaintiff has alleged what is essentially the same claim in state court that he alleges here, it is not the same cause of action. Plaintiff is alleging an ongoing violation of his Eighth Amendment rights. While defendant attempts to pin plaintiff's claim down to one moment – defendant Hlaing's refusal to change plaintiff's medication regime in May 2014 – plaintiff's claim is not so limited. Plaintiff explains in his opposition to the motion to dismiss that he is alleging actions by defendant Hlaing in not only 2014, but in 2015 and 2016 as well. (ECF No. 52 at 6, 9.) Further, as explained below, plaintiff seeks to add additional defendants to this case apparently to address what he considers more current violations of his rights to medical care.

The court does find, however, that the superior court's December 2014 decision addressed plaintiff's current claims regarding his care through October 2014 – the date plaintiff filed his

state habeas petition.  The superior court's second decision, in 2016, framed plaintiff's claims as involving only the change of his medications in 2014.  Therefore, to the extent that decision was a decision on the merits, it is only relevant to plaintiff's care through October 2014 as well.

Plaintiff's argument that he is now seeking damages, or a somewhat different claim, is not persuasive.  "[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery."  Eichman, 147 Cal. App.3d at 1174; see also Gonzales v. Cal. Dep't of Corrs., 739 F.3d 1226, 1232 (9th Cir. 2014).  Therefore, plaintiff's claims regarding the care for his pain through October 2014 are barred by the doctrine of issue preclusion so long as defendant Hlaing is considered to be in privity with the respondent identified in the state habeas corpus petitions.

This court finds defendant Hlaing, a doctor employed by the California Department of Corrections and Rehabilitation who works at CHCF, to be in privity with respondents in plaintiff's state court actions alleging inadequate medical care.  See Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 402-03 (1940) ("There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government."); Lerner v. Los Angeles City Bd. of Ed., 59 Cal. 2d 382, 398 (1963) ("agents of the same government are in privity with each other").  It is also worth noting that the issue of privity is most important for the party against whom preclusion is sought.  See Harmon v. Kobrin (In re Harmon), 250 F.3d 1240, 1245 (9th Cir. Cal. 2001).  Similarly, as plaintiff was the petitioner in the prior action, the privity requirement is satisfied.

"The critical focus of primary rights analysis is the harm suffered."  Brodheim, 584 F.3d at 1268.  Plaintiff's state habeas petition did not, and could not, allege harm occurring after October 2014 when he filed it.  This federal case is distinct because plaintiff's harms alleged after October 2014 "were caused at different times, by different acts, and by potentially different actors."  See id. at 1268-69.  Accordingly, the court will recommend that plaintiff's allegations regarding his medical care for pain through October 2014 be found barred by the doctrine of

collateral estoppel and the remaining allegations be found not to be barred by the state court's decisions on plaintiff's state habeas petitions.

### B. Injunctive Relief

Defendant next argues that the injunctive relief plaintiff seeks fails to meet the redressability requirement and is overbroad. Defendant contends that the court's order describing plaintiff's claim against defendant Hlaing is limited to plaintiff's one visit with Hlaing in May 2014. Therefore, defendant alleges, plaintiff's requests for injunctive relief will not redress that wrong and are inappropriate in this action. The court's screening order is not so limited. While the court described plaintiff's apparent claims, the court did not specifically limit plaintiff's claim against Hlaing to the one alleged refusal to help plaintiff in May 2014. As a pro se party, plaintiff's pleading is entitled to liberal construction. As described above, in his opposition to the motion to dismiss, plaintiff states that defendant Hlaing has denied his requests in 2014, 2015, and 2016. It is clear from plaintiff's complaint that he is attempting to assert a claim of a continuing failure to provide adequate pain care. Based on this construction of plaintiff's claim, the court finds his requests for injunctive relief are not inappropriate to redress the continuing wrong that is the basis of his claim.

With respect to defendant's assertion that the relief plaintiff seeks is overbroad, for the reasons stated in the prior paragraph, that is not necessarily the case. Moreover, at this point in the proceedings, the court does not intend to limit the relief available to plaintiff absent some showing that it is unquestionably improper. Plaintiff is not, as defendant appears to contend, seeking a court order that he be provided opioids to control his pain. Rather, in his second amended complaint, plaintiff seeks the following injunctive relief: "proper medical treatment," "proper pain medication for the plaintiff's pain at the institution where plaintiff is currently housed," and "proper examination by pain management specialist." (ECF No. 25 at 14.) The court will recommend that defendant's motion to dismiss plaintiff's requests for injunctive relief be denied.

////

////

**REMAINING MOTIONS**

## I.      Sur-reply

Plaintiff filed a sur-reply to defendant's motion to dismiss.  The Local Rules do not authorize the routine filing of a sur-reply.  <u>See</u> E.D. Cal. R. 230(l).  Nevertheless, when a party has raised new arguments or presented new evidence in a reply to an opposition, the court may permit the other party to counter the new arguments or evidence.  <u>El Pollo Loco v. Hashim</u>, 316 F.3d 1032, 1040-41 (9th Cir. 2003).  Here, defendant's reply addressed the arguments in petitioner's opposition and raised no new theories.  Accordingly, plaintiff's motion for an extension of time to file a sur-reply (ECF No. 57) will be denied, plaintiff's "motion" clarifying his sur-reply (ECF. No. 61) will be denied, and defendant's motion to strike the sur-reply (ECF No. 59) will be granted.

## II.      Motion to Amend Complaint to add Defendants

On December 21, 2017, plaintiff moved to amend his complaint to add three defendants: Dr. Ratienza, Dr. Bathea, and Dr. Monks.  (ECF No. 51.)  Plaintiff states only that these doctors violated his civil rights.

The Federal Rules provide that leave to amend pleadings "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a). " [T]his policy is to be applied with extreme liberality."  <u>Morongo Band of Mission Indians v. Rose</u>, 893 F.2d 1074, 1079 (9th Cir.1990) (citing <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183, 186 (9th Cir.1987)).  However, the Supreme Court has stated that a court may decline to grant leave for reasons that are apparent and stated on the record.   <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).  Further, the court has "particularly broad" discretion where plaintiff has been granted leave to amend in the past. <u>Chodos v. West Publ'g Co., Inc.</u>, 292 F.3d 992, 1003 (9th Cir. 2002) (citing <u>Griggs v. Pace Am. Group, Inc.</u>, 170 F.3d 877, 879 (9th Cir. 1999)).

The Ninth Circuit has interpreted the decision in <u>Foman</u> as identifying "four factors relevant to whether a motion for leave to amend the pleadings should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party."  <u>United States v. Webb</u>, 655 F.2d 977, 980 (9th Cir. 1981).  The factors do not carry equal weight.

"[D]elay alone no matter how lengthy is an insufficient ground for denial of leave to amend." Id. "Prejudice to the opposing party is the most important factor." Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Futility of an amendment can, standing alone, justify denial of a request to file an amended pleading. See Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). A proposed amendment is futile if it presents no set of facts that would, even if proven, constitute a valid claim. See Miller v. Rykoff–Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). The standard for assessing whether a proposed amendment is futile is therefore the same as the standard imposed under Federal Rule of Civil Procedure 12(b)(6). Id. In that analysis, the court reviews the complaint for "facial plausibility." "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

Finally, any motion to amend the complaint must attach a copy of the amended complaint. E.D. Cal. R. 137(c). That amended complaint must explain the new claims against the new defendants by (a) identifying a person, (b) briefly describing what that person did or did not do, and (c) explaining why that person's conduct violated plaintiff's constitutional rights.

Plaintiff's motion to amend the complaint does not address the Foman factors nor does it explain his claims against these new defendants. Therefore, plaintiff's motion to amend (ECF No. 51) will be denied without prejudice. Plaintiff will be given an opportunity to move to amend his complaint to state claims against these defendants. Plaintiff is reminded, however, that this court finds above that any claims regarding pain management at CHCF between May 2014 and October 2014 are barred by the decisions of the state court in his habeas actions. Plaintiff should raise only claims about conduct occurring after October 2014.

////

////

### III.    Plaintiff's Motions for Preliminary Injunctions

In what appear to be identical documents filed here on January 5, 2018 and on January 16, 2018, plaintiff seeks a preliminary injunction against defendant Hlaing and Drs. Atienza and Bhatia to provide adequate pain medication.  (ECF No. 54.)  In addition, plaintiff appears to complain here about a violation of his rights under the Americans with Disabilities Act ("ADA") for a lack of help in transferring in and out of his wheelchair.  Plaintiff also appears to seek injunctive relief in his "Motion for Abstraction of Justice" (ECF No. 60) in which plaintiff primarily complains about his access to legal materials.

### A.  Legal Standards

A party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008).  The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature.  Caribbean Marine Serv. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor.  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits.  See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (3d ed. 2014).  Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial.  Preliminary injunctive relief is not appropriate until the court finds that the plaintiff's complaint presents cognizable claims.  See

11

Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claims . . . .").

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Further, an injunction against individuals not parties to an action is strongly disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party . . . .").[2]

**B. Is Plaintiff Entitled to a Preliminary Injunction?**

In the present case, with respect to plaintiff's request for pain relief, plaintiff has failed to show he is likely to succeed on the merits of that claim. Plaintiff simply reiterates in conclusory fashion his assertion that his pain medication is inadequate. Further, Drs. Atienza and Bhatia are not parties to this action and therefore the court may not require them to act. With respect to plaintiff's apparent attempt to assert a claim under the ADA against medical staff at CHCF, plaintiff's contentions about the lack of help with transfers in and out of his wheelchair, is separate from the Eighth Amendment claim for inadequate pain management that the court found potentially cognizable in this case. Plaintiff may not raise unrelated claims against unrelated defendants in the same action. See Fed. Rs. Civ. P. 18(a), 20(a)(2); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)). This court will recommend plaintiff's motions for preliminary injunctive relief (ECF Nos. 54, 56) be denied.

---

[2] However, the fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation. United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

Plaintiff's filing dated February 12, 2018 and filed here on February 15, is entitled "Motion for Abstraction of Justice." (ECF No. 60.) Therein, plaintiff makes various complaints about his access to the law library, the loss of his legal papers, and placement in segregation on false charges. Plaintiff also mentions that he suspects his legal mail is not being sent out because he has not yet heard from the court regarding a couple of motions for extensions of time. Plaintiff appears to be seeking some sort of injunctive relief. Plaintiff's complaints are too vague to warrant any intervention from this court. In particular, plaintiff does not explain just what relief he seeks. Further, based on the sheer number of documents plaintiff has filed in the last few months, the court notes that plaintiff's access to the courts does not appear to be suffering. The court will recommend that this motion (ECF No. 60) be denied as well.

## FILING AN AMENDED COMPLAINT

If plaintiff chooses to file a new motion to amend his complaint, he must attach a copy of the amended complaint. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

////

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

Accordingly, IT IS HEREBY ORDERED as follows:

1.      Plaintiff's motion for an extension of time to file a sur-reply (ECF No. 57) is denied;

2.      Plaintiff's "motion" clarifying his sur-reply (ECF No. 61) is denied;

3.      Defendant's motion to strike the sur-reply (ECF No. 59) is granted; and

4.      Plaintiff's motion to amend the second amended complaint (ECF No. 51) is denied without prejudice.  If plaintiff wishes to amend the second amended complaint to add new defendants, within thirty (30) days of the date of this order, plaintiff must file a new motion to amend his complaint and a copy of the new complaint.  The amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint."  If plaintiff does not file a new motion to amend his complaint, this case will proceed on his claims against defendant Hlaing in his second amended complaint.

14

Further, IT IS RECOMMENDED that:

1.      Defendant's motion to dismiss (ECF No. 41) be granted with respect to plaintiff's claims regarding defendant's treatment of his pain between May and October 2014 and be denied with respect to plaintiff's claims regarding his pain treatment after October 2014; and

2.      Plaintiff's motions for preliminary injunctions (ECF Nos. 54, 56, 60) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 19, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/juar1996.mtd

15