UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


JOSE JUAREZ,                                    No. 2:15-cv-1996 JAM DB P

              Plaintiff,

       v.                                       ORDER

M. HLAING,

              Defendant.


Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. Plaintiff alleges defendant was deliberately indifferent to his serious medical needs by denying him adequate pain medications. Before the court is defendant's motion to strike plaintiff's third amended complaint. For the reasons set forth below, defendant's motion will be granted and plaintiff will be given leave to make a motion to file an amended complaint and to submit a fourth amended complaint.

**BACKGROUND**

This case is proceeding on the Eighth Amendment claim in plaintiff's second amended complaint ("SAC") against defendant Hlaing, the only remaining defendant in this action. (See June 20, 2017 Order (ECF No. 32).) Plaintiff contends defendant Hlaing reviewed his appeals challenging doctors' failure to provide him adequate pain medication and failed to take action to provide him adequate medication. (See SAC (ECF No. 25).)

1        On October 2, 2017, defendant filed a motion to dismiss.  (ECF No. 41.)  The court

2  granted defendant's motion with respect to plaintiff's claims involving conduct prior to October

3  2014 and denied the motion with respect to plaintiff's claims involving conduct occurring after

4  that date.  (ECF Nos. 62, 71.)

5        On December 21, 2017, plaintiff filed a document entitled Motion for Leave to Add More

6  Defendants.  (ECF No. 51.)  Therein, plaintiff stated simply that Drs. Ratienza, Bathea, and

7  Monks also violated his civil rights.  In an order filed March 20, 2018, the court denied plaintiff's

8  motion. The court informed plaintiff that a motion to amend the complaint must include a copy of

9  the new, amended complaint.  (ECF No. 62.)  The court further informed plaintiff that an

10  amended complaint must "identify each defendant and the action that defendant took that violated

11  his constitutional right" in a "short, plain statement."  (Id. at 13.)  In addition, plaintiff was

12  warned that an amended complaint supersedes prior complaints.  Therefore, once plaintiff files an

13  amended complaint, his prior complaints have no relevance in this action.  (Id. at 14.)

14        On April 23, 2018, plaintiff filed a Third Amended Complaint ("TAC").  (ECF No. 66.)

15  In the TAC, plaintiff identifies only defendants Ratienza, Bathea, and Monks.  Plaintiff does not

16  mention current defendant Hlaing.

17        On May 10, 2018, defendant filed a motion to strike the TAC.  (ECF No. 68.)  Defendant

18  argues plaintiff failed to file a motion along with the TAC.  Petitioner filed an opposition (ECF

19  No. 69) and defendant filed a reply (ECF No. 70).

20                    **MOTION TO STRIKE**

21        Defendant argues simply that plaintiff must file a motion if he wishes to amend his

22  complaint.  (ECF No. 68.)  Plaintiff argues that he filed a motion in January.  (ECF No. 69.)

23  There are two problems with plaintiff's argument.  First, the document filed in January did

24  nothing more than list the three new defendants and state, summarily, that they violated plaintiff's

25  civil rights.  (ECF No. 51.)  That motion is not sufficient to show why plaintiff should be

26  permitted to bring those defendants into this action.  The second problem is that the court's March

27  20 order instructed plaintiff to "file a new motion to amend his complaint and a copy of the new

28  complaint."  (ECF No. 62 at 12.)  While this court must treat pro se filings liberally, and while

1  amending pleadings should be permitted "with extreme liberality," a motion to amend is required

2  so that plaintiff can show that he satisfies the four factors under <u>Foman v. Davis</u>, 371 U.S. 178

3  (1962) to justify a court order permitting him to amend his complaint. Those factors are: undue

4  delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party.

5  <u>United States v. Webb</u>, 655 F.2d 977, 980 (9th Cir. 1981).

6       A review of plaintiff's TAC shows that two factors appear to be satisfied. Plaintiff is

7  attempting to add defendants whose conduct is fairly recent, so there is no undue delay, and

8  nothing about his TAC indicates that he is attempting to amend his complaint in bad faith.

9  However, plaintiff does not show that amendment would not be futile. In the TAC, plaintiff fails

10  to state cognizable claims against any of the new defendants. Plaintiff does not explain just what

11  each defendant knew or just what each defendant did or did not do. In addition, the court notes

12  that plaintiff did not mention current defendant Hlaing in the TAC. If plaintiff wishes to continue

13  this action against Hlaing, he must include Hlaing as a defendant in the new complaint and must

14  again make specific allegations against Hlaing. Finally, plaintiff must also show why defendant

15  Hlaing is not prejudiced by his amendments to the complaint.

16       Plaintiff is reminded that to state a claim for a violation of the Eighth Amendment he

17  must:

18      1. Identify his serious medical need;

19      2. Identify each defendant;

20      3. Briefly, but specifically, describe just what each defendant did or did not do;

21      4. Explain why each defendant's conduct exhibits deliberate indifference to plaintiff's

22         serious medical need. Plaintiff must show each defendant was aware of his serious

23         medical need, that each defendant had the authority to do something about that

24         medical need, and that each defendant took action that was medically unacceptable

25         under the circumstances. See <u>Toguchi v. Soon Hwang Chung</u>, 391 F.3d 1051, 1057-

26         58 (9th Cir. 2004); <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1996).

27  ////

28  ////

3

1    For these reasons, defendant's motion to strike will be granted and plaintiff will be

2    permitted to file a motion to amend his complaint along with a copy of a fourth amended

3    complaint that complies with the court's instructions in the March 20 order and herein.

4        Therefore, IT IS HEREBY ORDERED as follows:

5        1. Defendant's motion to strike (ECF No. 68) is granted;

6        2. Plaintiff's Third Amended Complaint (ECF No. 66) is stricken;

7        3. Within thirty (30) days of the date of this order, plaintiff may file a motion to amend

8           his complaint and file a fourth amended complaint. The amended complaint must bear

9           the docket number assigned this case and must be labeled "Fourth Amended

10          Complaint." If plaintiff does not file a new motion to amend his complaint, this case

11          will proceed on his claims against defendant Hlaing in his second amended complaint.

12       4. The Clerk of the Court is instructed to provide plaintiff with a copy of the form for a

13          Civil Rights Complaint by a Prisoner.

14   Dated: June 12, 2018

16   _____

17   DEBORAH BARNES
     UNITED STATES MAGISTRATE JUDGE

22   DLB:9
23   DB/prisoner-civil rights/juar1996.tac mts

4