UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE JUAREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>M. HLAING, et al.<br><br>    Defendants. | No. 2:15-cv-1996 JAM DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment and that they retaliated against him. Before the court is plaintiff's Fourth Amended Complaint for screening. For the reasons set forth below, the court finds plaintiff has stated some cognizable claims and recommends other claims be dismissed.

**BACKGROUND**

Plaintiff initiated this action in 2015 by filing a civil rights complaint against three defendants: Butts, Hlaing, and Rackley. The court found plaintiff failed to state any cognizable claims for relief. Since then, plaintiff has filed, and the court has screened, two additional complaints. The court found that plaintiff stated a minimally cognizable Eighth Amendment claim against defendant Hlaing in his second amended complaint. (See ECF No. 32.) Defendant then sought to dismiss the complaint based on plaintiff's prior suits seeking relief on the same subject. The court found plaintiff's prior state habeas proceeding precluded his claims regarding

1

his medical care for pain occurring before October 2014.  However, his claims for actions after October 2014 were not precluded.  (ECF No. 62.)

Since then, plaintiff has attempted to amend his complaint to include new and more recent allegations against new defendants.  The consistent theme of plaintiff's claims is his assertion that he is not receiving sufficient pain medication while incarcerated at the California Health Care Facility ("CHCF").  On July 12, 2018, plaintiff's filed his most recent complaint, his Fourth Amended Complaint.  (ECF No. 74.[1])  Plaintiff also filed a motion for leave to file the complaint.  (ECF No. 78.)

**SCREENING**

Plaintiff's motion for leave to file the Fourth Amended Complaint is brief.  He does little to try to satisfy the standards set out in Foman by showing an absence of undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party.  See United States v. Webb, 655 F.2d 977, 980 (1981) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  Nonetheless, the court finds that plaintiff's pro se status and the policy that leave to amend pleadings shall be freely given favor granting plaintiff leave to amend his complaint.  There is no indication that any of the cautionary factors set out in Foman are present.  And, to the extent amendment may be futile, that factor will be addressed when the court considers below whether plaintiff has stated cognizable claims.

With respect to screening the present complaint, the court has set out the screening standards in three prior orders (see Dec. 18, 2015 Order (ECF No. 8); Feb. 17, 2017 Order (ECF No. 23); June 20, 2017 Order (ECF No. 32)) and the standards for alleging an Eighth Amendment claim in four prior orders (id.; June 13, 2018 Order (ECF No. 72).)  Those standards will not be repeated in full here.

////

////

---

[1] Plaintiff filed a second copy of this complaint on August 3, 2018 along with his motion for leave to file the fourth amended complaint.  (ECF No. 79.)  However, this copy is missing several pages.  Therefore, the court will review the copy filed on July 12 (ECF No. 74) for screening.

2

**I.     Allegations of the Fourth Amended Complaint**

Plaintiff now identifies four defendants: Hlaing, Monks, R. Atienza, and Bhatia. Specifically, he alleges that defendant Hlaing was his primary care physician from June 2014 to 2015. He states that he had a serious medical need, but does not identify it. He further states that Hlaing was indifferent to that need. He states that Hlaing humiliated him by laughing at him when he cried out that he was in pain and needed help. (ECF No. 74 at 9.)

Plaintiff alleges defendant Monks was his primary care physician from November 8, 2016 to March 21, 2017. Plaintiff states that he told Monks he was in pain but Monks withheld narcotic pain medication. (ECF No. 74 at 12.)

With respect to defendant Atienza, plaintiff alleges that on April 25, 2017, he pleaded with Atienza for help with his pain. In response, Atienza did nothing. Plaintiff filed a staff complaint against Atienza. Atienza told plaintiff that he was not going to get any pain medication from Atienza because of the staff complaint. Plaintiff alleges that these actions constituted retaliation for the filing of the staff complaint. (ECF No. 74 at 12-13.)

Finally, plaintiff alleges defendant Bhatia became his primary care physician in November 2017. Plaintiff told Bhatia about his significant pain and "cried out for help," but Bhatia told plaintiff to "get use [to] it because you don't get anything from me while on my unit." Plaintiff further complains that when he asked for help transferring from his bed to his wheelchair, Bhatia directed staff not to help him, stating that plaintiff could "do it by himself." Plaintiff contends this was done in retaliation for filing the present lawsuit. (ECF No. 74 at 13-14.)

Plaintiff alleges he suffers pain for a variety of reasons. He has chronic low back pain after a 1995 auto accident. He suffered strokes in 2012 and 2014. He has problems with his left hip. And he has carpal tunnel syndrome in his right hand. (ECF No. 74 at 14.)

Plaintiff seeks injunctive relief in the form of adequate pain medication and compensatory and punitive damages. (ECF No. 74 at 18.)

**II.    Does Plaintiff State Claims Cognizable under Section 1983?**

Where a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate

indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to the serious medical need with deliberate indifference. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

In his current complaint, plaintiff fails to sufficiently allege a claim against defendant Hlaing. While the court can infer that the serious medical need plaintiff references is his pain, plaintiff fails to explain just what Hlaing did or did not do. Further, to the extent plaintiff alleges Hlaing, and the other defendants, had some sort of supervisory role over other medical staff at CHCF, that fact does not state a claim for deliberate indifference. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (supervisory personnel are generally not liable under § 1983 for the actions of their employees; a causal link between the supervisor and the claim constitutional violation must be shown). To the extent plaintiff is alleging Hlaing violated a constitutional right by humiliating him, plaintiff is advised that threats, harassment, and humiliation do not state a claim under § 1983. See Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom., Kush v. Rutledge, 460 U.S. 719 (1983). Plaintiff fails to state a cognizable claim against defendant Hlaing.

Plaintiff's allegations against defendant Monk are only that Monk withheld narcotic pain medication. Plaintiff does not explain why he required narcotic pain medication. He does not have the right to dictate what medications he will be prescribed. See Stiltner v. Rhay, 371 F.2d

420, 421 n.3 (9th Cir. 1967); Peacock v. Horowitz, No. 2:13-cv-2506 TLN AC P, 2016 WL 3940346, at *7 (E.D. Cal. July 21, 2016). "[A] plaintiff's showing of nothing more than 'a difference of medical opinion' as to the need to pursue one course of treatment over another [is] insufficient, as a matter of law, to establish deliberate indifference." Jackson v. McIntosh, 90 F.3d 330, 332 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)). Plaintiff fails to state a claim for deliberate indifference against defendant Monk.

Plaintiff's allegations against defendants Atienza and Bhatia are more detailed. He states that he informed both defendants about his pain and both refused to help him. Plaintiff has alleged minimally sufficient deliberate indifference claims against defendants Atienza and Bhatia.

The court finds plaintiff's allegations that Atienza refused him medication in retaliation for plaintiff's filing a staff complaint against him is also sufficient to state a First Amendment retaliation claim. See Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005). However, plaintiff does not state a retaliation claim against defendant Bhatia. He fails to show that Bhatia's statement that plaintiff was able to transfer himself from his bed to his wheelchair was made in retaliation for the present lawsuit. In fact, plaintiff fails to show that Bhatia was even aware of this case. Plaintiff also fails to show Bhatia's statement was sufficiently injurious as to constitute an "adverse action." See Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (harm resulting from retaliation must be "more than minimal").

### III. No Leave to Amend

As indicated above, plaintiff is proceeding on his Fourth Amended Complaint. The court has provided plaintiff with the legal standards that govern the constitutional claims he is attempting to assert in this action and has given him multiple opportunities to cure the defects of his complaint. Plaintiff filed this action in 2015. He has finally stated some cognizable claims against some defendants. At this point, dismissal without further leave to amend is appropriate. See Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be futile, there was no need to prolong the litigation by permitting further amendment.").

////

////

**MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff seeks the appointment of counsel. (ECF No. 76.) He alleges that he is unable to afford counsel; the issues in his case are complex; he has difficulty "to get around" due to his medical issues; he has been unsuccessful in finding an attorney to help him; and he has little knowledge of the law.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for leave to amend the complaint (ECF No. 78) is granted.
2. Service is appropriate for the following defendants: Atienza and Bhatia.
3. The Clerk of the Court shall send plaintiff two USM-285 forms, one summons, an instruction sheet and a copy of the Fourth Amended Complaint filed July 12, 2018 (ECF No. 74.)
4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:
   a. The completed Notice of Submission of Documents;
   b. One completed summons;
   c. One completed USM-285 form for each defendant listed in number 2 above;

and

  d. Three copies of the endorsed complaint filed July 12, 2018.

 5. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

 6. Plaintiff's motion for the appointment of counsel (ECF No. 76) is denied.

 7. The document filed here on August 3, 2018 and identified in the docket as "Fifth Amended Complaint" is stricken. It is simply a second, and incomplete, copy of plaintiff's Fourth Amended Complaint.

 Further, IT IS RECOMMENDED that plaintiff's claims against defendants Hlaing and Monk be dismissed.

 These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 25, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/juar1996.4ac scrn

/1

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   JOSE JUAREZ,                          No. 2:15-cv-1996 JAM DB P
12            Plaintiff,
13        v.                               NOTICE OF SUBMISSION
14   M. HLAING, et al.,
15            Defendants.
16
17        Plaintiff submits the following documents in compliance with the court's order filed
18   _____:
19        ____      completed summons form
20        ____      completed USM-285 forms
21        ____      copies of the _____
                                      Complaint
22
23   DATED:
24
25                                          _____
                                                  Plaintiff's Signature
26
27
28
                                            1