UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE JUAREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>M. HLAING, et al.,<br><br>    Defendants. | No. 2:15-cv-1996 JAM DB P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel and an extension of time to file objections to the Findings and Recommendations filed October 26, 2018. Plaintiff contends he requires the appointment of counsel because his disability makes completing legal work difficult. (ECF No. 83.) He further contends that his limited access to the ADA-compliant computer in the library has slowed his ability to meet the court deadline for filing objections to the Findings and Recommendations. (ECF No. 82.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

////

1

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances. If plaintiff requires additional time to meet deadlines due to his disability, he may seek extensions of time, as he has done here.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 83) is denied.
2. Plaintiff's motion for an extension of time (ECF No. 82) is granted; and
3. Plaintiff is granted thirty days from the date of this order in which to file and serve his objections.

Dated: November 13, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/juar1996.31+36obj