UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE JUAREZ, | No. 2:15-cv-1996 JAM DB P |
| Plaintiff, | |
| v. | ORDER |
| CARMEN BUTTS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with an action under 42 U.S.C. § 1983. Plaintiff alleges defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment and that they retaliated against him. Before the court is plaintiff's motion to compel discovery responses from defendants. For the reasons set forth below, the court will deny the motion.

## BACKGROUND

This case is proceeding on plaintiff's fourth amended complaint filed here on July 12, 2018. (ECF No. 74.) On screening, this court found plaintiff stated potentially cognizable Eighth Amendment claims against defendants Atienza and Bhatia for deliberate indifference to his serious pain. The court further found plaintiff alleged a potentially cognizable claim that Atienza refused to provide him medication in retaliation for plaintiff's filing a staff complaint against him. (ECF No. 81.)

Both defendants have answered the fourth amended complaint. (ECF Nos. 106, 121.) On May 31, 2019, this court issued a Discovery and Scheduling Order which set a deadline of September 27, 2019 for discovery, including motions to compel discovery, and a deadline of December 27, 2019 for all other pretrial motions. (ECF No. 119.) The order also informed the parties that "[a]ll requests for discovery . . . shall be served not later than sixty days prior to" September 27, 2019. (Id. at 5.)

On November 22, 2019, plaintiff filed the present motion to compel. (ECF No. 122.) Defendants have not filed a response.

## MOTION TO COMPEL

**I. Legal Standards**

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). The reach of Rule 34 of the Federal Rules of Civil Procedure, which governs requests for production, "extends to all relevant documents, tangible things, and entry upon designated land or other property." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472-73 (D. Nev. 1998) (citing 8A C. Wright & A. Miller, Federal Practice and Procedure § 2206, at 381).

////

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman University, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

**II. Discussion**

Plaintiff states that he served discovery on defendants on August 16, 2019 but did not receive full answers. He argues that defendants "did not produce copies of the rules and regulations from the hunger strike the plaintiff was on []. CDCR HAS COPIES OF ALL OF THIS along with the reports from custody and medico staff."

For several reasons, plaintiff's motion will be denied. First, both plaintiff's discovery requests and this motion are untimely. The Discovery and Scheduling Order required the parties to serve any discovery on the other party at least 60 days before the discovery deadline. Because the discovery deadline was September 27, 2019, discovery should have been served no later than July 29, 2019. Plaintiff did not serve his discovery until August 16 so it was untimely.

The Discovery and Scheduling Order required that all motions to compel be filed by the September 27 discovery deadline. Plaintiff did not file his motion until almost two months later so it is untimely as well.

3

Second, plaintiff's motion provides no basis for this court to compel defendants to respond to discovery. To succeed on a motion to compel, plaintiff must explain just why he believes each response, including all objections therein, are deficient and why the information he seeks is relevant to his case. Plaintiff has simply not done so.

Plaintiff does not address any of defendants' objections nor does it demonstrate why the information he seeks bears any relevance to his case. The only issue plaintiff addresses appears to relate to his interrogatory numbers 22 and 26 which refer to plaintiff's "hunger strike" in 2017. (See ECF No. 122 at 7, 8.) However, plaintiff does not explain why any rules or regulations regarding the care of prisoners on a hunger strike is relevant to his claims that he required pain medication and defendants refused it. Moreover, as defendants pointed out in their response to plaintiff's interrogatory number 26, plaintiff exceeded the 25 interrogatory limit.

While this court is sympathetic to the difficulties pro se prisoners have in litigating their cases, plaintiff is required to adhere to the rules and deadlines set out by the Federal Rules and by this court. Further, while it is not this court's job to litigate plaintiff's case for him, this court has reviewed plaintiff's discovery requests and finds that they seek information that is not relevant to the limited issues in this case: (1) whether on April 25, 2017 defendant Atienza denied plaintiff pain medication in violation of plaintiff's Eighth Amendment rights and in retaliation for plaintiff's filing of a staff complaint; and (2) whether in November 2017 defendant Bhatia denied plaintiff pain medication in violation of plaintiff's Eighth Amendment rights.

For these reasons, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 122) is denied.

Dated: December 16, 2019

DLB:9/DB/prisoner-civil rights/juar1996.mtc

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

4